JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL-POWER AMERICA, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> DYNAMIC HARDWARE CONCEPTS, LLC, a New Jersey limited liability company; DAVID CAHN, an individual; and DOES 1 through 25, inclusive, <br><br> Defendants. | CASE NO. CV08-06862 AHM (VBKx) <br><br> **CONSENT ORDER AND PERMANENT INJUNCTION** <br><br><br> Complaint Filed: October 17, 2008 <br> Trial: None Set |

Based upon the stipulation of Plaintiff All-Power America, LLC ("Plaintiff"), and Defendants Dynamic Hardware Concepts, LLC ("Dynamic") and David Cahn ("Cahn") (collectively "Defendants"), this Consent Order and Permanent Injunction ("Order") is entered in favor of Plaintiff and against Defendants as follows:

1.      The Court has personal jurisdiction over the parties.  The Court also has jurisdiction over the subject matter.  Plaintiff's Complaint alleges claims for

1

[PROPOSED] CONSENT ORDER AND PERMANENT INJUNCTION

federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), unfair competition and false advertising under California Business and Professions Code §§17200 & 17500 and common law, and cancellation of trademark registration under 15 U.S.C. § 1064.  Subject matter jurisdiction therefore exists pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338.  The Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

2.      Plaintiff alleges that it designs, manufactures, and sells equipment, tools, and appliances, including pressure washers and generators.  Plaintiff further alleges its products are marketed and sold nationally and internationally, as well as through the Internet, all under the trademarks ALL-POWER and ALL-POWER AMERICA (collectively the "ALL-POWER Marks").

3.      Dynamic registered the trademark ALLPOWER+ in connection with multi-purpose high pressure washers and portable electric power generators, U.S. Trademark Registration No. 3,481,813 (hereafter ALLPOWER+).

4.      Defendants and their parents, subsidiaries, affiliates, employees, officers, directors, members, agents, consultants, successors and assigns, and all persons in active concert or participation with Defendants, are hereby permanently enjoined and restrained from:

a.      Using in commerce the trademarks ALL-POWER, ALL-POWER

AMERICA, ALLPOWER+ or any mark that is confusingly similar to the ALL-POWER Marks or closely identical to ALL-POWER as a corporate name, brand name, trademark, service mark, as part of a domain name, metatag, or keyword, in connection with pressure washers and power generators.

b.   Reproducing, copying, or colorably imitating the ALL-POWER Marks, or any confusingly similar mark, and applying such reproduction, copy, or colorable imitation to labels, signs, catalogs, brochures or sell sheets, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce in connection with any goods or services related or complementary to pressure washers and power generators.

c.   Using the ALL-POWER Marks, or any confusingly similar mark, in any form of advertisement or promotion broadcast by airwaves or transmitted electronically or by display, streaming, downloading or other method on any internet accessible in the United States or its territories, in connection with any goods or services related or complementary to pressure washers and power generators.

5.   Defendants, at their expense, shall destroy all physical materials such as labels, pre-printed invoices or packing materials, brochures, sell sheets and

advertisements, that use the ALL-POWER Marks or any component thereof. Within ten (10) calendar days from entry of this Order, Defendants shall serve on Plaintiff a report, signed under oath and describing the steps they have taken to comply with this Order.  The report shall also be filed with the Court.

6.     This Court shall retain continuing jurisdiction over the enforcement, construction and interpretation of this Order.

7.     This action, and all claims and counterclaims that were or could have been made by the Parties, are hereby dismissed with prejudice.

8.     The Parties shall bear their own court costs and attorneys' fees as well as all of their own litigation expenses of any kind in connection with this action.

IT IS SO ORDERED this 14th day of April, 2009.

_____
Honorable A. Howard Matz
United States District Court Judge

[PROPOSED] CONSENT ORDER AND PERMANENT INJUNCTION